Doris **HIXSON** and Suzanne Jordan, Appellants,

v.

**SALEM CORPORATION**, Appellee.

No. 9169.

Court of Appeals of Texas, Texarkana.

May 31, 1984.

Rehearing Denied June 26, 1984.

Harold W. Nix, Daingerfield, for appellants.

William G. Bullock, Texarkana, for appellee.

PER CURIAM.

Doris Hixson and Suzanne Jordan appeal an adverse summary judgment. On appeal they claim that Tex.Rev.Civ.Stat.Ann. art. 5536a (Vernon Supp.1984)—a ten year limitations statute for architects, engineers, and others in construction—does not apply to corporations simply because they employ engineers. We find that a fact question exists and reverse.

In 1951, Lone Star Steel entered into an agreement with Salem Engineering Company to buy a gas-fired roller hearth reheat furnace which was installed in 1953. On February 8, 1979, Albert Hixson was killed in an industrial accident at Lone Star Steel when part of his clothing caught in one of the roller conveyer shafts pulling him into the equipment. His wife, Doris Hixson, and daughter, Suzanne Jordan, sued Salem Corporation alleging that it had manufactured and placed into the stream of commerce a defectively designed conveyer or one which lacked adequate warnings causing the product to be unreasonably dangerous. Salem filed its motion for summary judgment asserting limitations as a defense.

Article 5536a, entitled Architects, Engineers and Persons Performing or Furnishing Construction or Repair of Improvement to Real Property reads:

Section 1. There shall be commenced and prosecuted within ten years after the substantial completion of any improvement to real property or the commencement of operation of any equipment attached to real property, ... all actions ... for any injury, ... or for wrongful death, arising out of the defective or unsafe condition of any such real property ... against any registered or licensed engineer or architect in this state performing or furnishing the design, planning, inspection of construction of any such improvement, equipment or structure ....

Sec. 2. There shall be commenced and prosecuted within ten years after the substantial completion of any improvement to real property ... all actions ... for damages ... or for wrongful death ... arising out of the defective or unsafe condition of any such real property or any deficiency in the construction or repair of any improvements on such real property against any person performing or furnishing construction or repair of any such improvement ....

Salem claims that it is an engineering corporation and that it had designed and constructed an improvement to real property in 1953, that more than ten years elapsed since then, and therefore Hixson's suit was barred.

In our review of a summary judgment proceeding we apply the following rules: (1) The movants have the burden of showing that there is no issue of material fact and that they are entitled to judgment as a matter of law; (2) in deciding where there is a disputed material fact issue, we accept as true evidence favorable to the nonmovant; and (3) we indulge every reasonable inference in favor of nonmovants and resolve doubts in their favor. Tex.R.Civ.P. 166-A; *Wilcox v. St. Mary's University at San Antonio*, 531 S.W.2d 589 (Tex.1975).

In applying these standards we hold that Hixson and Jordan raised a genuine issue of fact. Salem had to show that it is an engineer within the meaning of Article 5536a. The summary judgment evidence fails to conclusively establish this point, therefore there exists a genuine issue of fact.

We reverse and remand the cause for trial.