Jean LANDRY, Individually and as Independent Executrix of the Estate of W.E. Landry, Deceased, Appellant,

v.

FIRST NATIONAL BANK IN GEORGE WEST, Appellee.

No. 13–90–485–CV.

Court of Appeals of Texas, Corpus Christi.

June 18, 1991.

Rehearing Overruled Aug. 29, 1991.

Ray A. Burgess, Tim Herron, David A. Higdon, Wetzel & Herron, The Woodlands, for appellant.

James Robichaux, Matthews & Branscomb, Corpus Christi, for appellee.

Before NYE, C.J., and DORSEY and HINOJOSA, JJ.

## OPINION

NYE, Chief Justice.

Jean Landry, individually and as Independent Executrix of the estate of W.E. Landry, Deceased (Landry), appeals the summary judgment granted in favor of the defendant and counter-plaintiff, First National Bank in George West (the Bank), the appellee. By one point of error appellant asserts that the trial court erred by granting the summary judgment because William Hales' affidavit for the Bank demonstrated on its face that material issues of fact exist. We affirm.

For many years before and including 1985, Landry borrowed monies from the Bank for various agricultural endeavors. With the execution of each promissory note and at his request, Landry purchased credit life insurance. Obtaining such insurance was not a requirement to receive or renew a loan. In August, 1985, Landry informed his bank officer, William Hales that he was diagnosed with cancer of the lung. In October, 1985, Landry renewed his loans with the Bank and again purchased credit life insurance. He did not reveal his infirmity on the coverage application. The same procedures took place in May, 1986.

Landry died in July, 1986, of lung cancer. The credit insurance company denied coverage based upon the fact that Landry's illness was known before he filed for coverage. Appellant filed suit asserting fraud and misrepresentation by the Bank, based upon the theory that the Bank, acting as agent for the insurance company, allowed the policy to issue with knowledge of Landry's condition. The Bank counterclaimed alleging that appellant was herself in default on a renewal note which she executed in September, 1986, following her husband's death.

The Bank moved for summary judgment after appellant answered the Bank's Requests for Admissions. Appellant filed a Response to the motion for summary judgment on all claims. The Bank moved to strike appellant's affidavit filed in support of her Response on the grounds that her affidavit was not based upon personal knowledge, that her assertions regarding statements made by the Bank to Landry were prohibited by the Dead Man's statute, Tex.R.Civ.Evid. 601(b), and that she did not conform to the requirements of Tex. R.Civ.P. 215 by identifying herself in her answers to interrogatories as a person with knowledge. The trial court granted the Bank's motion and struck appellant's affidavit. The court subsequently granted summary judgment in favor of the Bank, denying appellant's claims and sustaining the Bank's counterclaim against appellant, the individual.

On appeal, appellant challenges neither the Bank's counterclaim nor the trial court's striking of her affidavit; rather,

she argues that William Hales' affidavit demonstrates on its face that several material fact issues exist. She asserts that the first issue is whether the Bank's knowledge of Landry's medical condition before selling him a credit life insurance policy whose terms denied coverage for pre-existing medical conditions constituted fraud or misrepresentation. Another issue allegedly raised is whether Landry's failure to reveal his illness on the credit life insurance company's application for coverage constituted misrepresentation even though the Bank knew of the condition and said nothing to the insurance carrier. Appellant alleges that a fact issue exists regarding whether the Bank's conduct was reasonable when the Bank failed to notify the insurance carrier of Landry's illness. It seems that appellant seeks to impose liability on the Bank under an agency theory for an alleged failure to inform the insurance carrier of Landry's illness despite the fact that Landry himself failed to reveal the illness in his repeated applications for coverage.

■ The purpose of a summary judgment is to eliminate patently unmeritorious claims or untenable defenses. *Swilley v. Hughes*, 488 S.W.2d 64, 68 (Tex.1972); *Flores v. H.E. Butt Stores, Inc.*, 791 S.W.2d 160, 162 (Tex.App.—Corpus Christi 1990, writ denied); *Barrow v. Jack's Catfish Inn*, 641 S.W.2d 624, 625 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.). A summary judgment is proper only when the movant establishes that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Continental Casing Corp. v. Samedan Oil Corp.*, 751 S.W.2d 499, 501 (Tex.1988); *Flores*, 791 S.W.2d at 162; *R.I.O. Syst., Inc. v. Union Carbide Corp.*, 780 S.W.2d 489, 490 (Tex.App.—Corpus Christi 1989, writ denied); Tex.R.Civ.P. 166a(c). On appeal, as well as at trial, the issue is not whether the summary judgment proof raises fact issues regarding the essential elements of the plaintiff's claim or cause of action, but rather, whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact concerning one or more of the essential elements of the plaintiff's cause of action. *Sakowitz v. Steck*, 669 S.W.2d 105, 107–08 (Tex.1984); *Garza v. Levin*, 769 S.W.2d 644, 645 (Tex.App.—Corpus Christi 1989, writ denied). In deciding whether a disputed material fact issue exists to preclude a summary judgment, evidence favorable to the non-movant will be accepted as true. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *Rath v. State*, 788 S.W.2d 48, 50 (Tex.App.—Corpus Christi 1990, writ denied). Thus, every reasonable inference will be indulged in favor of the non-movant and any doubts resolved in the non-movant's favor. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970); *R.I.O. Systems*, 780 S.W.2d at 490; *Denison v. Haeber Roofing Co.*, 767 S.W.2d 862, 864 (Tex.App.—Corpus Christi 1989, no writ); Tex.R.Civ.P. 166a(c).

■ The Bank's summary judgment evidence, as it relates to appellant's allegations, consists of true and correct copies of the credit life policies and related documents showing Landry's indebtedness, Landry's applications for credit life insurance, promissory notes Landry executed in the Bank's favor, appellant's Plaintiff's Original Petition and a personal affidavit from William Hales, formerly an officer with the Bank, who was the loan officer involved in all transactions with Landry. As it relates to the Bank's counterclaim and its motion for summary judgment, the Bank attached true and correct copies of the promissory note appellant executed after Landry's death, appellant's answers to the Bank's Requests for Admission, a Farms Security Agreement executed by appellant, an affidavit by E. Ross Harris, president of the Bank, and an affidavit by James H. Robichaux, the Bank's attorney.

William Hales' affidavit states that Landry requested the credit life insurance for the promissory notes he executed in the Bank's favor. In August, 1985, Landry visited the Bank to renew and extend some notes and informed Hales that he had lung cancer. Landry also asked to renew his credit life insurance coverage for the notes he executed. Hales informed Landry that any purchase of credit life insurance would

not service the promissory note debt should he die of lung cancer, because the policy specifically excluded coverage for pre-existing illness. Landry indicated that he wanted insurance in the event he died of other causes unrelated to the cancer. Hales advised Landry that the application for coverage required him to state that he had not been treated nor diagnosed as having any diseases of the lungs within a six-month period.

Hales' affidavit sets forth with specificity the facts of his business dealings on the Bank's behalf with Landry. The facts specifically negate misrepresentation by the Bank to Landry that any coverage by an insurance carrier would include coverage for death by lung cancer after Landry knew of his illness. The affidavit also negates any agency on the Bank's part as Hales made no actual or implied representations of coverage on the part of the carrier. The Bank merely received Landry's application for coverage and forwarded it to the carrier.

The affidavit is clear, positive, and direct, otherwise credible and free from contradictions and inconsistencies. Tex.R.Civ.P. 166a(c). If untrue, it was readily controvertible. Thus, Hales' affidavit was sufficient to negate the allegations that the Bank acted fraudulently and with misrepresentation against the carrier by selling Landry the insurance after it knew of his cancer and in failing to inform the carrier that Landry failed to reveal his pre-existing illness to the carrier. Point one is overruled.

The trial court's judgment is AFFIRMED.