Edward J. KAZMIR, et al, Appellants,

v.

SUBURBAN HOMES REALTY, Appellee.

No. 6–91–037–CV.

Court of Appeals of Texas, Texarkana.

Jan. 14, 1992.

David W. Showalter, Pamela Prince Stines, Law Offices of David W. Showalter, Bellaire, for appellants.

Lynne Liberato, Haynes & Boone, Houston, Larry D. Thompson, Lorance & Thompson, Houston, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

OPINION

CORNELIUS, Chief Justice.

This appeal involves two summary judgments. Kazmir, et al (hereinafter Kazmir) and Suburban Homes Realty (hereinafter Suburban) each contend that the summary judgment in favor of the other was improper because genuine issues of fact exist. We agree and reverse both judgments.

Suburban purchased lots in the Woodland Trails North Subdivision near Houston and constructed homes for sale. The subdivision is located over an active geological fault. The plaintiffs are more than fifty homeowners who purchased homes that are located on or near the fault. They purchased their homes between 1974 and 1978. There is some dispute as to whether the subdivision was completed in late 1977 or early 1978.

Kazmir and the other plaintiffs filed suit against Suburban in April 1988, alleging negligence, common law and statutory fraud, and violations of the Deceptive Trade Practices Act[1] because Suburban sold homes while concealing the fact that the homes were on or near the fault. Suburban moved for summary judgment based on the ten-year statute of repose provided for engineers by Tex.Civ.Prac. & Rem.Code Ann. § 16.008 (Vernon 1986).[2] Suburban contended it was protected by the statute because one of its officers and part owners performed engineering services for the subdivision and the subdivision was substantially completed more than ten years

before the suit. The trial court agreed and granted an interlocutory summary judgment in Suburban's favor.

Suburban had also filed a counterclaim for attorney's fees under Section 17.50 of the DTPA, alleging that Kazmir's suit for deceptive trade practices was groundless or brought in bad faith or for the purpose of harassment. Kazmir moved for summary judgment on that issue, and the court granted it in a final summary judgment disposing of all issues.

Although Kazmir gave notice of appeal stating that the appeal was limited to the summary judgment on the limitations issue, Suburban raises a cross-point in its brief complaining of the adverse summary judgment on its counterclaim.

■ Summary judgment is proper only if the movant establishes that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979); *Baubles & Beads v. Louis Vuitton, S.A.,* 766 S.W.2d 377, 379 (Tex.App.—Texarkana 1989, no writ); Tex.R.Civ.P. 166a(c). The movant has a heavy burden, as all conflicts in the evidence are disregarded, the evidence favorable to the nonmovant is taken as true, and all doubts as to a genuine issue of material fact are resolved in the nonmovant's favor. *Nixon v. Mr. Property Management,* 690 S.W.2d 546 (Tex. 1985). A defendant moving for summary judgment on the basis of an affirmative defense, such as limitations, must conclusively prove the defense by uncontradicted summary judgment evidence. *Delgado v.*

---

1. Tex.Bus. & Com.Code Ann. § 17.41, et seq. (Vernon 1987 & Supp.1991).

2. Tex.Civ.Prac. & Rem.Code Ann. § 16.008 (Vernon 1986) provides:

(a) A person must bring suit for damages for a claim listed in Subsection (b) against a registered or licensed architect or engineer in this state, who designs, plans, or inspects the construction of an improvement to real property or equipment attached to real property, not later than 10 years after the substantial completion of the improvement or the beginning of operation of the equipment in an action arising out of a defective or unsafe

condition of the real property, the improvement, or the equipment.
(b) This section applies to suit for:
(1) injury, damage, or loss to real or personal property;
(2) personal injury;
(3) wrongful death;
(4) contribution; or
(5) indemnity.
(c) If the claimant presents a written claim for damages, contribution, or indemnity to the architect or engineer within the 10–year limitations period, the period is extended for two years from the day the claim is presented.

*Burns,* 656 S.W.2d 428, 429 (Tex.1983); *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex. 1972); *Valdez v. Charles Orsinger Buick Co.,* 715 S.W.2d 126, 128 (Tex.App.—Texarkana 1986, no writ); 4 R. McDONALD, TEXAS CIVIL PRACTICE IN DISTRICT AND COUNTY COURTS § 17.26.2 (rev. 1984).

The statute involved here is to be liberally interpreted to afford protection to engineers who furnish improvements to real estate. *Mahathy v. George L. Ingram & Associates,* 584 S.W.2d 521, 522 (Tex.Civ. App.—Beaumont 1979, no writ); *Hill v. Forrest & Cotton, Inc.,* 555 S.W.2d 145, 149 (Tex.Civ.App.—Eastland 1977, writ ref'd n.r.e.). Whether or not a defendant is an engineer within the meaning of the Act can be a question of fact. *Hixson v. Salem Corp.,* 673 S.W.2d 345, 346 (Tex. App.—Texarkana 1984, writ ref'd n.r.e.). The *interpretation* of a statute is a question of law, *Johnson v. City of Fort Worth,* 774 S.W.2d 653 (Tex.1989), but the determination of whether a person or firm is an "engineer" covered by the statute is one of fact. *Hixson v. Salem Corp.,* 673 S.W.2d 345.

A firm need not provide engineering services exclusively to be protected by Section 16.008. *See e.g., Brown v. M.W. Kellogg Co.,* 743 F.2d 265 (5th Cir.1984); *Sowders v. M.W. Kellogg Co.,* 663 S.W.2d 644, 649 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.). However, the mere fact that a firm or company has a person in its employ who is an engineer does not make the firm an engineer within the meaning of Section 16.008. Moreover, providing engineering services in connection with other services does not necessarily entitle one to the protection of Section 16.-008. *See McCulloch v. Fox & Jacobs, Inc.,* 696 S.W.2d 918 (Tex.App.—Dallas 1985, writ ref'd n.r.e.); *Ellerbe v. Otis Elevator Co.,* 618 S.W.2d 870, 872 (Tex.Civ.App.— Houston [1st Dist.] 1981, writ ref'd n.r.e.), *appeal dismissed for want of substantial federal question,* 459 U.S. 802, 103 S.Ct. 24, 74 L.Ed.2d 39 (1982).

The first question we address is whether Suburban's summary judgment evidence conclusively established that it was an engineering firm within the meaning of TEX. CIV.PRAC. & REM.CODE ANN. § 16.008.

Suburban's motion for summary judgment was supported by the affidavit of William S. O'Donnell, a partner of Suburban and a party defendant. He stated that he is a licensed and registered engineer and that his involvement with Suburban was primarily in planning, designing, inspecting, and developing water and sewer utilities and other real estate improvements, building and designing homes, providing marketing support, and engaging in "the practice of engineering." He stated that work performed by Suburban which constitutes the practice of engineering was "personally" done, or done by "a" registered engineer or under "a" registered engineer's supervision. He stated that Suburban provided the following services in designing, constructing, and inspecting improvements in Sections 5 and 7 of Woodland Trails Subdivision: planning and inspecting the size and location of home sites, streets, driveways, sidewalks, street lights, and telephone and electrical easements; designing slab foundations; designing street access to homes; inspecting storm sewer and sanitary sewer systems; planning and inspecting the use of fill material; and planning and designing the construction of houses and other improvements. In a supplemental affidavit, O'Donnell produced evidence concerning the completion dates of the various homes.

In response to Suburban's motion, Kazmir produced the following summary judgment evidence: deposition testimony by O'Donnell to the effect that Suburban marketed and sold homes through a sales office in Woodland Trails North; many other affiliated companies were involved in the development; another engineer prepared all the engineer's drawings and plans for the water, sewer and paving; he had no contact whatsoever with any consulting or soil engineers as homes were being constructed; Hawthorne Construction Company built all the houses involved in this litigation; Suburban was the entity that contracted for all the building services;

and that Suburban was the agent that sold the homes and Hawthorne was the builder.

Other summary judgment evidence supporting an inference that Suburban did not act as an engineer includes: Suburban's tax returns for the years 1975, and 1977 through 1987 showing real estate sales and rentals as Suburban's principal business; an insurance policy showing Suburban's business to be builders and lumber yard; the absence of a listing in the yellow pages for Suburban as an engineer; subdivision plats that were prepared by John J. Pepe Consulting Engineers, Inc; the interrogatory answers of John J. Pepe Consulting Engineers stating that it rendered some, but not all, of the engineering services in Woodland Trails North.

■ Also attached as exhibits to Kazmir's response to the motion for summary judgment were Suburban's pleadings in other lawsuits where Suburban never claimed to be an engineer. Court records from other cases are acceptable summary judgment evidence. *Gardner v. Martin*, 162 Tex. 156, 345 S.W.2d 274, 276–77 (1961); *Chandler v. Carnes Co.*, 604 S.W.2d 485, 487 (Tex.Civ.App.—El Paso 1980, writ ref'd n.r.e.). These pleadings state that Suburban was a builder performing and furnishing construction services; showed that Suburban previously relied on TEX.REV.CIV.STAT.ANN. art. 5536a, § 2 (now TEX.CIV.PRAC. & REM.CODE § 16.009 (Vernon 1986) [3]), and Section 16.009 rather than Section 16.008 as the statute of limitations applicable to it; and showed that Suburban claimed John J. Pepe Consulting Engineers, Inc. was responsible for the engineering work for the Woodland Trails North Subdivision from beginning to end.

■ Being a named defendant, O'Donnell is an interested witness. His affidavit was properly considered as summary judgment evidence, but since it is not clear, positive and uncontradicted, it serves only to raise a fact issue and should not form the basis for the summary judgment. TEX. R.CIV.P. 166a(c).

■ The evidence we have summarized supports an inference that Suburban was not an engineer, within the meaning of Section 16.008, as to the homes involved. Thus, a fact issue exists and the motion for summary judgment was improperly granted to the extent it relied on this ground.

The next question we consider is whether there is a fact issue concerning the applicability of Section 16.008, even if Suburban is an engineer within the meaning of the Act.

Kazmir questions whether Section 16.008 or Section 16.009 apply at all because their cause of action is grounded on Suburban's continued marketing of homes after learning of the fault line, rather than on any error in the design or construction of the houses. O'Donnell stated in his deposition that another affiliated construction company built all the homes in the subdivision.

---

**3.** TEX.CIV.PRAC. & REM.CODE ANN. § 16.009 (Vernon 1986) provides:

(a) A claimant must bring suit for damages for a claim listed in Subsection (b) against a person who constructs or repairs an improvement to real property not later than 10 years after the substantial completion of the improvement in an action arising out of a defective or unsafe condition of the real property or a deficiency in the construction or repair of the improvement.

(b) This section applies to suit for:
  (1) injury, damage, or loss to real or personal property;
  (2) personal injury;
  (3) wrongful death;
  (4) contribution; or
  (5) indemnity.

(c) If the claimant presents a written claim for damages, contribution, or indemnity to the person performing or furnishing the construction or repair work during the 10-year limitations period, the period is extended for two years from the date the claim is presented.

(d) If the damage, injury, or death occurs during the 10th year of the limitations period, the claimant may bring suit not later than two years after the day the cause of action accrues.

(e) This section does not bar an action:
  (1) on a written warranty, guaranty, or other contract that expressly provides for a longer effective period;
  (2) against a person in actual possession or control of the real property at the time that the damage, injury, or death occurs; or
  (3) based on wilful misconduct or fraudulent concealment in connection with the performance of the construction or repair.

(f) This section does not extend or affect a period prescribed for bringing an action under any other law of this state.

There was evidence that Suburban was merely a sales entity. This and the evidence reviewed above at least raises a fact question whether Suburban built or just sold the homes.

▮▮▮▮ Sections 16.008 and 16.009 bar actions against persons who either design or make improvements to real property. The sections apply to suits for injury, damage or loss to real property and to suits for personal injury. TEX.CIV.PRAC. & REM.CODE ANN. §§ 16.008(b), 16.009(b). Although an engineering firm cannot lose the protection of the statute merely because it sells its product or the result of its services, *McCulloch v. Fox & Jacobs, Inc.*, 696 S.W.2d 918, the statutes, by their language, do not apply to those who *exclusively* sell real property improvements. Since Kazmir raised a fact question concerning whether Suburban engineered, built or just sold the homes, he also raised a question whether either of these limitations statutes applies.

▮▮▮▮ Kazmir also contends that summary judgment for Suburban was improper because there is a fact issue on whether, if Suburban was an engineer within the meaning of the statute, it substantially completed its engineering services more than ten years before suit was filed.

If Suburban's services were completed less than ten years before suit was filed, neither Section 16.008 nor Section 16.009 would defeat all of Kazmir's claims. Again considering only evidence favorable to Kazmir and resolving all doubts on conflicting issues in favor of Kazmir, *Nixon v. Mr. Property Management*, 690 S.W.2d 546, we conclude that a fact question exists regarding the date of substantial completion.

Looking at Suburban's accounting exhibits, we see that most of the dates do not include the year. This alone leaves a question of when the expenses were incurred. Additionally, many entries do indicate dates after April 11, 1978. Some of these entries reflect small expenditures, but add up to a substantial figure; others represent expenditures for substantial work and materials. Further, these records show some homes being sold as late as June, July and August of 1978, with expenses incurred even later.

These records raise a fact question as to when these particular houses were substantially completed. Although William O'Donnell contended in his affidavit that the expenditures were only for warranty work after completion, that does nothing more than controvert other summary judgment evidence and raise a fact issue. Accordingly, we believe a fact question exists as to the date of substantial completion.

▮▮▮▮ Kazmir also contends Suburban received notice of Kazmir's claims sufficient to extend the repose period pursuant to Section 16.008(c). We disagree.

Section 16.008(c) provides that if the claimant gives written notice of the claim during the ten-year period, the limitations period is extended for two more years. This statute clearly refers to "the claimant." TEX.CIV.PRAC. & REM.CODE ANN. § 16.-008(c). In our case "the claimant" is Kazmir. Kazmir concedes that none of the plaintiffs in this action complained to Suburban before 1988, but asserts that the filing of other notices and lawsuits by *other parties* before 1988 provided notice sufficient to satisfy Section 16.008(c). The clear wording of the statute prevents Kazmir from using other notices to extend the limitations period.

Suburban, in its cross-point, contends that the trial court erred in granting Kazmir's motion for summary judgment on Suburban's counterclaim for attorney's fees under the DTPA. Kazmir contends not only that the court's action was proper, but also that Suburban's cross-point was not properly preserved for appeal.

The question of whether this cross-point was properly preserved for appeal requires us to discuss, first, whether Kazmir could exclude Suburban's point; that is, was the cross-point severable? Kazmir asserts that this cross-point concerns a permissive counterclaim that arose from the occurrence of the lawsuit, not from the transactions and occurrences giving rise to the lawsuit. This is evident, Kazmir contends, because

such claims are permissive under the DTPA and because the trial court entered two separate summary judgments. Suburban, on the other hand, reasons that since Kazmir's DTPA claims were based on the alleged activities of Suburban in the Woodland Trails North Subdivision, the DTPA attorney's fees claim also arose from these activities and was not severable.

■■■■■ Only severable portions of a judgment are subject to limitation on appeal. *Hernandez v. City of Fort Worth,* 617 S.W.2d 923, 924 (Tex.1981); *Dallas Electric Supply Co. v. Branum Co.,* 143 Tex. 366, 185 S.W.2d 427, 430 (1945); TEX. R.APP.P. 40(a)(4). Severance is proper if a controversy involves separate causes of action, each of which could be a complete lawsuit in itself. *St. Paul Ins. Co. v. McPeak,* 641 S.W.2d 284, 289 (Tex.App.— Houston [14th Dist.] 1982, writ ref'd n.r.e.). Compulsory counterclaims are not severable. *Ellisor v. Ellisor,* 630 S.W.2d 746, 748–49 (Tex.App.—Houston [1st Dist.] 1982, no writ). A compulsory counterclaim is one that arises out of the same transaction or occurrence that is the subject matter of the opponent's claim. TEX.R.CIV.P. 97(a).

■■■■■ As to Kazmir's claim that the two summary judgments evidenced the severability of the claims, we note that the judgment on Kazmir's claim was interlocutory only. The final summary judgment was entered when the attorney's fees claim was disposed of. Under *Kansas University Endowment Ass'n v. King,* 162 Tex. 599, 350 S.W.2d 11 (1961), a severance results in separate final judgments, rather than an interlocutory order followed by a final judgment. *Id.* 350 S.W.2d at 19.

■■■■■ The parties do not cite authority on the issue of whether counterclaims for attorney's fees under the DTPA are compulsory, and we have found none. In *Perma Stone–Surfa Shield Co. v. Merideth,* 752 S.W.2d 224 (Tex.App.—San Antonio 1988, no writ), the court decided that a substantive DTPA counterclaim that also asked for attorney's fees was not severable since it arose out of the underlying suit. *Id.* at 226. That case did not address the issue of whether a claim solely for attorney's fees was severable. Texas courts have, in actions not involving the DTPA, held that claims for attorney's fees are severable. *See, e.g., Great American Reserve Insurance Co. v. Britton,* 406 S.W.2d 901, 907 (Tex.1966) (severable from suit on insurance policy); *Industrial Disposal Supply Co. v. Perryman Brothers Trash Service, Inc.,* 664 S.W.2d 756, 761 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.) (suit on sworn account); *Leal v. Leal,* 628 S.W.2d 168, 171 (Tex.App.—San Antonio 1982, no writ) (community property settlement suit).

Suburban could only prevail on the action for attorney's fees by showing Kazmir's suit was groundless, brought in bad faith or for purposes of harassment. TEX.BUS. & COM.CODE ANN. § 17.50(c). Suburban asserted that Kazmir knew his claim was barred by limitations. Determining this question would require examination of the facts underlying Kazmir's suit and would, therefore, involve the same issues as the Kazmir action. Thus, the actions were not severable.

■■■■ This summary judgment was proper if, viewing the evidence most favorably to the nonmovant, no issue of material fact existed and the suit was not, as a matter of law, groundless or filed in bad faith or for harassment. *See Donwerth v. Preston II Chrysler–Dodge,* 775 S.W.2d 634 (Tex. 1989); *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671; TEX.BUS. & COM.CODE ANN. § 17.50(c).

■■■■ Suburban's contentions for overruling the summary judgment are that Suburban prevailed on the limitations issue in the DTPA action and that Kazmir knew before filing suit that it would so prevail. Kazmir asserts that Suburban's evidence is not competent summary judgment evidence. However, in determining groundlessness, consideration of all the evidence, including inadmissable evidence, is appropriate if it could reasonably lead to the discovery of admissible evidence. *Donwerth v. Preston II Chrysler–Dodge,* 775 S.W.2d at 637.

Suburban presented evidence consisting of questionnaires showing that some of the plaintiffs knew or should have known of facts giving rise to their cause of action more than ten years before suit was filed. Suburban also informed the Kazmir plaintiffs, by letter, of Suburban's defense. There was also a letter showing that Kazmir's attorney recognized that limitations could be a problem. Viewed in the light most favorable to Suburban, this evidence raises an inference that, at least as to some of the plaintiffs, the suit was groundless.

Suburban relies on the same evidence to raise a fact question as to bad faith and harassment. A claim brought with a malicious intent or with reckless disregard for the defendant's rights is a bad faith claim. *Knebel v. Port Enterprises, Inc.*, 760 S.W.2d 829, 831–32 (Tex. App.—Corpus Christi 1988, writ denied). We believe Suburban's evidence also raises a fact question regarding the motives of at least some of the Kazmir plaintiffs.

For the reasons stated, both the summary judgments are reversed, and the entire case is remanded to the district court for trial.