WACKENHUT CORPORATION,
Appellant,

v.

Israel PEREZ and Wife, Angelita Perez, Individually and as Next Friends of Melissa Perez and Maricela Perez, Lydia Perez, Christina Perez, Israel Perez, Jr., and Elsa Perez, Appellees.

No. 13–91–620–CV.

Court of Appeals of Texas,
Corpus Christi.

June 30, 1993.

Opinion Modifying Disposition on Rehearing July 29, 1993.

Roger W. Hughes, Jim Denison, William L. Pope, Adams & Graham, Harlingen, for appellant and cross-appellees.

John Robert King, McAllen, for appellee.

Before SEERDEN, KENNEDY and DORSEY, JJ.

OPINION

SEERDEN, Justice.

Appellees, Israel Perez, his wife, Angelita Perez, and five of their children, sued appellant Wackenhut Corporation for damages resulting from alleged improper security at their residence. Appellees based their action solely on the theory of negligence, and at a trial before a jury obtained jury findings only on the negligence of Wackenhut. A verdict and judgment for appellees resulted. The jury found, and the trial court awarded, damages for past and future mental anguish. We reverse and render.

Wackenhut presents fourteen points of error. Appellees present two counter-points and one cross-point. Since point of error ten is dispositive of the entire case, it is not necessary to discuss the other points, counter-points, or cross-point. *See* TEX.R.APP.P. 90(a).

This case arises out of an accident which involved Ruben Perez, son and brother of appellees in this suit. Ruben was employed by Valley Coca–Cola and was the driver of a soft drink delivery truck which struck a Mission School District school bus, killing twenty-one school children. Ruben was injured in the accident and taken to a local hospital for treatment. The accident received massive publicity. Perez and his family received a number of threats of injury to themselves and their property. Valley Coca–Cola asked Wackenhut to provide twenty-four hour security consisting of one unarmed guard per shift for Ruben's family after he was discharged from the hospital.

Early in the morning of October 30, 1989, after Ruben had returned to his home, Alexander Murillo, a Wackenhut security guard, was patrolling the fenced perimeter of the Perez residence when three men who were masked and armed, assaulted him. The men tied his hands behind his back, stuffed a gag in his mouth, poured gasoline on him, and attempted to set him on fire. He broke away, ran to the Perez residence, awakened the family by kicking on the door, and told them what had happened. The Perez family armed itself and waited. One of the daughters called the police who arrived approximately fifteen minutes after Murillo's attack. The intruders did not attack the house. Appellees sued Wackenhut for providing inadequate security.

By point of error ten, Wackenhut complains that the trial court erred in granting judgment because no cause of action exists for the negligent infliction of severe emotional distress.

The Supreme Court of Texas has recently held that no cause of action for negligent infliction of emotional distress exists in Texas. *Boyles v. Kerr*, 855 S.W.2d 593, 595 (1993). "Instead, mental anguish damages should be compensated only in connection with defendant's breach of some other duty imposed by law." *Id.* at 596.

Appellees based their action solely on the theory of negligence, and the only damages alleged or proven were the infliction of emotional distress and mental anguish. Because, as the supreme court held in *Boyles,* no action for negligent infliction of emotional distress exists in Texas, point of error ten is sustained.

We REVERSE the judgment of the trial court and RENDER that appellees take nothing.

## OPINION ON MOTION
## FOR REHEARING

By motion for rehearing, appellees maintain that when they elected to proceed in the trial court on the cause of action of emotional distress negligently inflicted by appellant, they were entitled to rely on *St. Elizabeth Hospital v. Garrard,* 730 S.W.2d 649 (Tex. 1987), which recognized that doctrine as an independent cause of action. Because the Texas Supreme Court overruled *Garrard* in *Boyles v. Kerr*, 855 S.W.2d 593, 595 (Tex. 1993), appellees urge that they are entitled to a new trial to raise other causes of action which may support recovery for their damages.

Having broad discretion to remand where it appears that a party may have proceeded under the wrong legal theory, the *Boyles* court remanded the cause to the trial court for a new trial. *Id.* at 603. "Remand is particularly appropriate where the losing party may have presented his or her case in reliance on controlling precedent that was subsequently overruled." *Id.* at 603.

Accordingly, since appellee relied on a discredited doctrine, we believe that, in the interest of justice, our prior disposition should be modified to reverse and remand for further proceedings in the trial court. *See* Tex.R.App.P. 80; *Scott v. Liebman,* 404 S.W.2d 288, 294 (Tex.1966).