**WACKENHUT CORPORATION,**
Appellant,

v.

**Israel PEREZ and Wife, Angelita Perez, Individually and as Next Friends of Melissa Perez and Maricela Perez, Lydia Perez, Christina Perez, Israel Perez, Jr., and Elsa Perez, Appellees/Counter-Appellants/Cross-Appellants,**

v.

**VALLEY COCA-COLA BOTTLING CO., INC.; Austin Coca-Cola Bottling Company; and Great Western Coca-Cola Bottling Company, Cross-Appellees.**

No. 13-91-620-CV.

Court of Appeals of Texas,
Corpus Christi.

Sept. 15, 1993.

Roger W. Hughes, Jim Denison, William L. Pope, Adams & Graham, Harlingen, for appellant and cross-appellees.

John Robert King, McAllen, for appellee.

Before SEERDEN, C.J., and KENNEDY and DORSEY, JJ.

## OPINION ON SECOND MOTION FOR REHEARING

SEERDEN, Chief Justice.

■ By a second motion for rehearing, the Perez appellees seek clarification of the status of Valley Coca–Cola Bottling Co., Inc., Austin Coca–Cola Bottling Co., and Great Western Coca–Cola Bottling Company ("the Coca–Cola defendants"), relative to this Court's remand disposition dated July 29, 1993, 865 S.W.2d 85. Because this Court modified its original reverse and render judgment to reverse and remand in the interest of justice, the Perez appellees now re-urge the cross-point of error raised in their original appeal, which challenges the directed verdict granted to the Coca–Cola defendants by the trial court. The Perez family argues that after the appellate court remands a case for further proceedings, the effect is to remand the case for a new trial on all issues of fact and the case is reopened in its entirety. *Gordon v. Gordon,* 704 S.W.2d 490, 491 (Tex. App.—Corpus Christi 1986, writ dism'd w.o.j.) (divorce action). Appellees contend that because this Court remanded as to the Wackenhut defendants, additional proceedings in the trial court are also to include the claims against the Coca–Cola defendants. *Gordon,* however, did not restrict the appellate court's ability to limit a reversal to particular issues. *Gordon* merely articulated that "[i]f a reversal is limited to particular fact issues, it must clearly appear from the decision that it is so intended." *Id.* at 491.

Having considered the Perez appellees' cross-point of error, we modify our prior disposition to affirm the judgment of the trial court as to the Coca–Cola defendants; and to reverse the judgment of the trial court against Wackenhut and remand, as to Wackenhut, for further proceedings.

The Perez family originally brought suit against Wackenhut under a theory of negligence and against the Coca–Cola defendants under a theory of vicarious liability. The Coca–Cola defendants secured an instructed verdict in their favor. The jury found Wackenhut negligent and assessed money damages, but the verdict was reversed by this court because Texas does not recognize the cause of action under which the Perez family proceeded (negligent infliction of emotional distress). See *Boyles v. Kerr*, 855 S.W.2d 593, 596 (May 5, 1993). The cause against Wackenhut was remanded, in the interest of justice, because the appellees had relied on a controlling precedent that recognized the theory, which was subsequently overruled. *Id.* at 603.

■ Appellees' cause of action against the Coca–Cola defendants was quite different. Appellees did not plead any form of direct negligence against Coca–Cola. Appellees concede in their brief that a directed verdict is proper when a defect in the pleadings makes the pleadings insufficient to support a judgment. *Rowland v. City of Corpus Christi*, 620 S.W.2d 930, 932 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.). The trial court, therefore, correctly disregarded any direct liability theory. The Perez appellees cannot now argue that the Coca–Cola defendants were actively negligent. This is not a case where appellees relied on controlling precedent that was subsequently overruled. Misplaced reliance did not prevent them from pleading some recognized theory against the Coca–Cola defendants directly. Appellees relied solely on their theory of vicarious liability. Therefore, no remand in the interest of justice on the issue of direct liability is warranted here.

■ While the Perez appellees can no longer assert direct liability against the Coca–Cola defendants, if the directed verdict granted in favor of those defendants on the issue of vicarious liability was in error, remand for the resolution of that issue would be required. A party is entitled to a directed verdict when there is no evidence of probative force to raise fact issues on the material questions presented. *Collora v. Navarro*, 574 S.W.2d 65, 68 (Tex.1978). This court must consider the evidence in the light most favorable to the party against whom the verdict was instructed, discarding all contrary evidence and inferences. *Quantel Business Sys. v. Custom Controls Co.*, 761 S.W.2d 302, 303 (Tex.1988).

■ In this case, to reach a jury on the issue of vicarious liability, there must be some evidence to raise a fact issue regarding the nature of the relationship between Wackenhut and Coca–Cola. The test for determining whether a master-servant or independent contractor relationship exists is whether the employer has the right to control the details of the work performed. *Newspapers, Inc. v. Love*, 380 S.W.2d 582, 590 (Tex.1964); *Sherard v. Smith*, 778 S.W.2d 546, 548–49 (Tex.App.—Corpus Christi 1989, writ denied). The relationship is not determined by sporadic acts of control. *Newspapers, Inc.*, 380 S.W.2d at 598.

■ The Perez appellees rely on the testimony of Captain Henry Morris, the Wackenhut local manager, and the testimony of Richard DiCantu, lieutenant for Wackenhut, to raise a fact issue on control. Captain Morris testified that he was instructed by an attorney for Coca–Cola to place one guard at the Perez residence. He stated that, despite this instruction, the decision on the proper number of guards was not "taken out of [his] hands" by Coca–Cola. Captain Morris testified that he could have suggested additional guards if he thought it was necessary, but he did not do so.

Lt. DiCantu testified that the only discussion he had with representatives of Coca–Cola concerned additional security for the Valley Coca–Cola plant, not the Perez home.

Regarding the decision to use unarmed guards, the testimony was unanimous that the subject of armed, as opposed to unarmed,

guards was never even discussed between Wackenhut and Coca–Cola.

The Perez appellees cite us to no other evidence supporting their theory of master-servant relationship.

■ Viewed in the light most favorable to the appellees, there is no evidence that Coca–Cola had the right to control the details of the work performed by Wackenhut, therefore, no fact issue was raised on the question of whether a master-servant relationship existed between Coca–Cola and Wackenhut. "Where there is no dispute as to the controlling facts and only one reasonable conclusion can be inferred, the question of whether one is an 'employee' or 'independent contractor' is a question of law." *Industrial Indem. Exch. v. Southard,* 138 Tex. 531, 160 S.W.2d 905, 906 (1942); *Sherard,* 778 S.W.2d at 548. The trial court correctly granted an instructed verdict on the issue of vicarious liability for the Coca–Cola defendants based on the determination that there was no evidence that Wackenhut was the employee of Coca–Cola.

The Perez appellees' single cross-point of error is overruled. As to the Coca–Cola defendants, the judgment of the trial court is affirmed. As to Wackenhut, for the reasons articulated in this court's opinion of July 29, 1993, the trial court judgment is reversed and remanded for further proceedings.