Alex MURILLO, Appellant,

v.

VALLEY COCA–COLA BOTTLING CO., et al., Appellees.

No. 13–92–711–CV.

Court of Appeals of Texas, Corpus Christi.

Jan. 12, 1995.

John Robert King, M. Steven Deck, McAllen, for appellant.

Roger W. Hughes, William L. Pope, Jim Denison, Adams & Graham, Harlingen, for appellees.

Before GILBERTO HINOJOSA, FEDERICO G. HINOJOSA, Jr., and YAÑEZ, JJ.

## OPINION

YAÑEZ, Justice.

Appellant, Alex Murillo, appeals from an order granting summary judgment to appellee, Valley Coca–Cola Bottling Company, Austin Coca–Cola Bottling Company, Great Western Coca–Cola Bottling Company, and Coca–Cola Bottling Enterprises (herein "Coca–Cola"). By three points of error, appellant challenges the trial court's order. By points one and two appellant complains that the summary judgment evidence offered by Coca–Cola was improper. Point three argues that genuine issues of material fact

exist. We affirm the judgment of the trial court.

This suit arises from a school bus accident in Alton, Texas where twenty-one passenger students were killed. The accident involved a Mission school bus and a Valley Coca–Cola delivery truck driven by Ruben Perez. After the accident, Valley Coca–Cola hired the Wackenhut Corporation (herein "Wackenhut") to provide security service at Perez's home. Appellant was one of the security guards assigned by Wackenhut to provide the Perez family with protection.

In the late-night hours of October 29, 1989, appellant alleges that, while on duty at the Perez home, he was injured. He claims that three armed men came onto the Perez's property and attacked him. The attack allegedly occurred along the back fence of the family's one-acre plot. By surprise, the attackers were able to throw appellant to the ground where they gagged and tied him up. The assailants then doused appellant with gasoline and attempted to light a match. Some confusion occurred, however, when the wind blew out several of the attackers' matches. Appellant took this opportunity to stand up and run for the house. After reaching Perez's home, appellant awoke several members of the family and successfully escaped the encounter. The attackers were never apprehended.

Initially, the Perez family named Coca–Cola, Wackenhut, and appellant as defendants in a suit for damages arising out of Wackenhut's security service and the alleged attack on appellant. The present case was originally brought by appellant against Coca–Cola as a cross-claim in the Perez suit. Yet before trial, the Perezes non-suited appellant, and the trial court severed appellant's cross-claim against Coca–Cola. This appeal follows apart from the Perez suit.

Appellant claims that he suffered physical, emotional and financial damages because of the attack at the Perez home. He claims that Coca–Cola is liable for his injuries on two separate theories. First, Coca–Cola negligently caused the Alton school bus collision which caused appellant's injuries. Second, Coca–Cola is vicariously liable for Wack-

enhut's negligence in providing only one unarmed security guard to the Perez family. In the trial court, Coca–Cola moved for summary judgment against appellant's claims. In support of their motion, Coca–Cola offered the trial testimony of four witnesses in the previously litigated Perez suit. Coca–Cola also offered portions of appellant's own testimony from that trial. The other four witnesses consisted of two Coca–Cola employees and two Wackenhut employees. The testimony tended to show the relationship between the companies and the control each maintained in decision making. Appellant offered no separate evidence opposing Coca–Cola's motion. The trial court granted Coca–Cola's motion for summary judgment based on the trial testimony from the Perez suit.

### SUMMARY JUDGMENT PROOF

By points of error one and two, appellant complains that Coca–Cola's use of prior trial testimony was improper summary judgment evidence. Specifically, appellant claims that the evidence was hearsay, incompetent as a matter of law, and failed to conform to the Rules of Civil Procedure. In order to avoid an adverse summary judgment, a nonmovant must produce summary judgment evidence controverting the movant's summary judgment proof unless the movant's summary judgment evidence is legally insufficient. *Musgrave v. Lopez*, 861 S.W.2d 262, 264 (Tex.App.—Corpus Christi 1993, no writ). As to hearsay, appellant never raised such an objection at trial, and therefore no error is preserved for appellate review. TEX. R.APP.P. 52(a); TEX.R.CIV.P. 166a(c); *El Paso Associates Ltd. v. J.R. Thurman & Co.*, 786 S.W.2d 17, 19 (Tex.App.—El Paso 1990, no writ); *see also* TEX.R.CIV.EVID. 103(a)(1).

Appellant next asserts that the proof offered by Coca–Cola is incompetent summary judgment evidence as a matter of law. Appellant claims that prior trial testimony is only proper as summary judgment proof when the testimony comes from a previous trial in the same case between the same parties. This specific question has not been directly answered by Texas courts. One appellate court, however, has held that pleadings from other lawsuits are proper summary judgment evidence. *Kazmir v. Suburban Homes Realty*, 824 S.W.2d 239, 244 (Tex. App.—Texarkana 1992, writ denied). *Kazmir* involved a defendant who had participated in previous lawsuits. In a separate suit brought by a new party, the plaintiff sought to introduce the pleadings from the defendant's previous litigation as summary judgment evidence. The *Kazmir* court stated that "court records from other cases are acceptable summary judgment evidence," and considered the pleadings as proper evidence. *Id.* at 244. We agree with their determination, and our holding in this case follows the *Kazmir* decision. As in *Kazmir*, this case involves a defendant who had previously been sued. The plaintiff, however, is different, and it is the defendant who is now offering testimony from the previous suit.

At the outset, we recognize that a statement of facts from a prior trial may properly be considered as summary judgment evidence. *Austin Bldg. Co. v. Nat'l Union Fire Ins. Co.*, 432 S.W.2d 697, 698–99 (Tex.1968); *Executive Condominiums, Inc. v. State*, 764 S.W.2d 899, 901 (Tex.App.—Corpus Christi 1989, writ denied); *Villarreal v. Laredo Nat'l Bank*, 677 S.W.2d 600, 605 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.). We also recognize that in each of these cases the offered testimony was in fact from the same case between the same parties. Yet, we do not believe that these cases stand for allowing prior testimony only if it is from the same case between the same parties. None of these cases reach such a conclusion.

In *Austin* the supreme court first held that prior trial testimony could be competent summary judgment evidence. *Austin*, 432 S.W.2d at 699. The *Austin* court looked to the federal rules of summary judgment for guidance in its decision. *Id.* at 698–99; *see* FED.R.CIV.P. 56. Although the federal courts have also not specifically addressed the question raised by this appeal, they do provide analogous support for finding that prior trial testimony from different proceedings may be summary judgment evidence. *Cf. Shulins v. New England Ins. Co.*, 360 F.2d 781, 785 (2nd Cir.1966) (citing *Steven v. Roscoe Turner Aeronautical Corp.*, 324 F.2d 157 (7th Cir.1963); *Fletcher v. Bryan*, 175

F.2d 716 (4th Cir.1949)) (transcript from previous trial was properly considered at summary judgment hearing); *Langston v. Johnson*, 478 F.2d 915, 918 n. 17 (D.C.Cir.1973) (certified transcript of judicial or administrative proceedings may be considered on a motion for summary judgment).

In this case Coca–Cola offered the testimony of five witnesses from a previous trial related to but not tied to this case. Much of the offered testimony relates directly to appellant's causes of action. As in *Kazmir*, we are presented with at least one party that participated in both cases and with overlapping issues. *Kazmir*, 824 S.W.2d at 244. The previous trial involved several of the same parties including an identical defendant and dealt significantly with the same issues. We believe that the previous trial testimony was properly considered by the trial court as summary judgment evidence. We make this determination while considering that the purpose of the summary judgment rule is to eliminate patently unmeritorious claims or untenable defenses. *Swilley v. Hughes*, 488 S.W.2d 64, 68 (Tex.1972); *Landry v. First Nat'l Bank*, 814 S.W.2d 86, 88 (Tex.App.—Corpus Christi 1991, writ denied). Our finding supports that purpose. Thus, we find that court records including trial testimony from other cases are acceptable summary judgment evidence. *See Kazmir*, 824 S.W.2d at 244; *cf. Gardner v. Martin*, 345 S.W.2d 274, 276 (Tex.1961) (trial court may take judicial notice of its own records in a case involving the same ·subject matter between the same, or practically the same parties).

We additionally underscore that all prior testimony offered as summary judgment proof must set forth facts that would be admissible at trial. TEX.R.CIV.P. 166a(f); *Mitre v. Brooks Fashion Stores, Inc.*, 840 S.W.2d 612, 618 (Tex.App.—Corpus Christi 1992, writ denied); *see also Town N. Nat'l Bank v. Broaddus*, 569 S.W.2d 489, 494 (Tex. 1978). The prior testimony must also be certified or attested under oath as authentic. TEX.R.CIV.P. 166a(c) (authenticated or certified public records are proper summary judgment evidence); TEX.R.CIV.P. 166a(f); *Williams v. Conroe Indep. School Dist.*, 809 S.W.2d 954, 957 (Tex.App.—Beaumont 1991,

no writ); *Chandler v. Carnes Co.*, 604 S.W.2d 485, 486 (Tex.App.—Dallas 1980, writ ref'd n.r.e.).

Appellant next complains that even if the trial testimony ·is proper, it does not conform to Rule 166a(c) because it was not clear, positive and direct and could not be readily controverted. The relevant portion of the summary judgment rule states,

> A summary judgment may be based on uncontroverted testimonial evidence of an interested witness, or of an expert witness as to subject matter concerning which the trier of fact must be guided solely by the opinion testimony of experts, if the evidence is *clear, positive and direct, otherwise credible and free from contradiction and inconsistencies, and could have been readily controverted.*

TEX.R.CIV.P. 166a(c) (emphasis added). Appellant argues that it had nothing to controvert because Coca–Cola did not point out specific lines of testimony to support its motion. Appellant also contends that because Coca–Cola offered "a complete record," the evidence cannot be considered "clear, positive and direct," and he should not be required to offer opposing evidence. Appellant cites *Couey v. Arrow Coach Lines* to support his position. *Couey v. Arrow Coach Lines*, 288 S.W.2d 192 (Tex.Civ.App.—Austin 1956, no writ). Reliance on *Couey* for such a posture is inappropriate. *Couey* merely holds that when a movant offers an entire record as summary judgment evidence, the opposing party may use that same evidence to point out issues of fact in its favor. *Id.* at 198. It is unnecessary, the court held, for the non-movant to provide redundant or counter affidavits to resist the motion when it can do so with the evidence offered by the movant. *Id.* at 198. In fact, the *Couey* decision cuts against appellant's argument that he could not readily refute Coca–Cola's evidence. Appellant could have used Coca–Cola's own evidence to point out inconsistencies or issues of fact. In his response Appellant attempted, but was unable to do so.

> 'Could have been readily controverted' does not simply mean that the movant's summary judgment proof could have been easily and conveniently rebutted. Rather,

it means that testimony at issue is of a nature which can be effectively countered by opposing evidence. If the credibility of the affiant or deponent is likely to be a dispositive factor in the resolution of the case, then summary judgment is inappropriate. On the other hand, if the non-movant must, in all likelihood, come forth with independent evidence to prevail, then summary judgment may well be proper in the absence of such controverting proof. *Casso v. Brand,* 776 S.W.2d 551, 558 (Tex. 1989).

Coca–Cola's motion specifically set out the grounds for summary judgment. TEX. R.CIV.P. 166a(c). Coca–Cola stated that negligence in the bus accident was not the proximate cause of appellant's injuries and that there was no evidence that Coca–Cola exercised right of control over Wackenhut's security procedures. Both went directly to appellant's causes of action. The Coca–Cola employees explained their role in hiring or supervising security personnel, and the expert witness discussed his role in providing security services through Wackenhut. The witnesses provided virtually identical testimony regarding the other's role. Each explained that Wackenhut maintained control over security maintenance decisions. The control each assumed is dispositive to appellant's cause of action. Appellant could have offered his own affidavits, admissions, or testimony from the previous trial to avoid the unfavorable ruling. Appellant could have readily controverted Coca–Cola's evidence.

Moreover, the testimony offered by Coca–Cola was clear, positive and direct. Again, the witnesses provided virtually identical testimony regarding each party's role in making specific security decisions. The testimony by each was "clear, positive and direct, otherwise credible and free from contradiction and inconsistencies." *See Wilson v. H.E. Butt Grocery Co.,* 758 S.W.2d 904 (Tex.App.—Corpus Christi 1988, no writ). Appellant refers to no specific example or instance in which the testimony does not conform to the rule except to argue that an entire record cannot be "clear, positive, and direct" as a matter of law. While the portion of the rule cited by appellant only applies to the three witnesses who were experts or interested parties, all five meet its requirements. TEX.R.CIV.P. 166a(c). We believe that the testimony satisfies the rule. And, like the *Couey* court, we find that appellant could have used the movant's evidence to support his position or offer his own evidence in opposition. *Couey,* 288 S.W.2d at 198; *see Longoria v. Texaco, Inc.,* 649 S.W.2d 332, 335–36 (Tex.App.—Corpus Christi 1983, no writ) (affidavit by supervisor, an interested party, stating whether his employee was in the course and scope of his employment conformed to summary judgment rule). Appellant's points of error one and two are overruled.

## PROPRIETY OF SUMMARY JUDGMENT

By point of error three, appellant argues that genuine issues of fact remain in the case. In their motion for summary judgment, Coca–Cola argued that as a matter of law the Alton school bus accident was not the cause of appellant's injuries, and that there was no evidence that Coca–Cola exercised sufficient control over Wackenhut's security procedures to be held vicariously liable. Establishing these points as a matter of law would negate appellant's causes of action.

A defendant who moves for summary judgment has the burden of showing as a matter of law that no material issue of fact exists for the plaintiff's cause of action. *Arnold v. Nat'l County Mut. Fire Ins. Co.,* 725 S.W.2d 165, 166–67 (Tex.1987). This may be accomplished by defendant's summary judgment evidence showing at least one element of plaintiff's cause of action has been conclusively established against the plaintiff. *Sakowitz, Inc. v. Steck,* 669 S.W.2d 105, 106–07 (Tex.1984); *Gibbs v. Gen. Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970).

In order to avoid an adverse summary judgment, a non-movant must produce summary judgment evidence controverting the movant's summary judgment proof unless the movant's summary judgment evidence is legally insufficient. *Musgrave,* 861 S.W.2d at 264. To defeat a summary judgment, the non-movant's controverting evidence need only raise an issue of fact with respect to an element of the cause of action

negated by the movant's summary judgment evidence. *Niemann v. Refugio County Memorial Hosp.,* 855 S.W.2d 94, 96 (Tex.App.—Corpus Christi 1993, no writ). In deciding whether there is a material issue of fact, evidence favorable to the non-movant will be taken as true, and every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in the non-movant's favor. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). A summary judgment may be based on the uncontroverted affidavit of an interested witness if the evidence is clear, positive, direct, otherwise credible, free from contradictions and inconsistencies, and could have been readily controverted. TEX.R.CIV.P. 166a(c); *Republic Nat'l Leasing Corp. v. Schindler,* 717 S.W.2d 606, 607 (Tex.1986).

■ To refute appellant's first theory of recovery, Coca–Cola argued that as a matter of law the Alton school bus accident was not the cause of appellant's injuries. In a personal injury action, the plaintiff must show that the defendant's negligence was the proximate cause of the plaintiff's injury. *Greater Houston Transp. Co. v. Phillips,* 801 S.W.2d 523, 525 (Tex.1990). Proximate cause consists of cause-in-fact and foreseeability, both of which must be proven by legally and factually sufficient evidence. *City of Gladewater v. Pike,* 727 S.W.2d 514, 517 (Tex.1987); *El Chico Corp. v. Poole,* 732 S.W.2d 306, 313 (Tex.1987).

■ "Foreseeability means that the actor, in this case Coca–Cola, as a person of ordinary intelligence, should have anticipated the dangers that his negligent act created for others." *Nixon,* 690 S.W.2d at 549–90. There are, however, situations when the happenstance of place and time is too attenuated from the defendant's conduct for liability to be imposed. *Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 472 (Tex.1991). Though generally, proximate cause is a question of fact, proximate cause becomes a question of law when circumstances are such that reasonable minds could not arrive at different conclusions. *Missouri Pac. R.R. Co. v. Am. Statesman,* 552 S.W.2d 99, 104 (Tex.1977). Foreseeability may, in attenuated, remote circumstances, be determined by the court. *See*

*Lear,* 819 S.W.2d at 472; *cf. Snellenberger v. Rodriguez,* 760 S.W.2d 237, 238 (Tex.1988).

■ Appellant asserts that Coca–Cola negligently caused the Alton school bus accident. Because of this negligence, appellant argues that Coca–Cola should have anticipated the dangers created for appellant. That is, Coca–Cola should have foreseen that a security guard at the bus driver's home might be attacked. Indulging appellant's inference that Coca–Cola was negligent in the school bus accident, we are not convinced that a person of ordinary intelligence should have anticipated that a security guard would be attacked a month after a delivery truck collision. The testimony offered by Coca–Cola shows that appellant was hired by Wackenhut and that the security service at Perez's home was not considered or authorized until several threats were received against Perez.

If Coca–Cola did negligently cause the school bus collision, it is outside the realm of foreseeability that Coca–Cola would have anticipated that a security guard hired by another to protect a person off Coca–Cola's premises might be attacked by a third party. The criminal conduct of a third party is usually a superseding cause relieving the negligent actor from liability unless the actor at the time of his negligence realized or should have realized the likelihood that such a situation might be created, and that a third party might avail himself of the opportunity to commit such a tort or crime. *Nixon,* 690 S.W.2d at 550 (citing RESTATEMENT (SECOND) OF TORTS § 448 (1965)). We do not believe that Coca–Cola realized or should have realized that because of delivery truck collision, a security guard would be injured due to an attack by a third person. *See Snellenberger,* 760 S.W.2d at 237 (citing *Freeman v. Pure Distrib. Corp.,* 744 S.W.2d 923, 924 (Tex. 1988)) (police officer's heart attack at scene of accident not foreseeable result of automobile driver's negligence). The facts of this case present a scenario whereby the place and time of appellant's injuries are too attenuated from the defendant's presumed conduct for liability to be imposed. *See Lear,* 819 S.W.2d at 472; *Garza v. State,* 878 S.W.2d 671, 674 (Tex.App.—Corpus Christi

1994, n.w.h.) (pleadings may form basis for summary judgment when plaintiff states no cause of action or legal claim). We find that appellant's injuries were not as a matter of law proximately caused by Coca–Cola's presumed negligence in the accident.

Finally, appellant argues that Coca–Cola should be held liable for providing only one unarmed security guard to the Perez family because this negligence caused appellant's injuries. Appellant argues that both Coca–Cola and Wackenhut were negligent in this regard; therefore, Coca–Cola is liable for its own negligence and vicariously liable for Wackenhut's negligence. Coca–Cola offered the trial testimony from the previously litigated Perez case as summary judgment evidence. The facts from that suit encompass appellant's cause of action now, and the testimony from that suit is all the summary judgment evidence with which we are presented. In the previous suit, while utilizing the summary judgment evidence before us, we determined that there was no evidence that Coca–Cola had the right to control the details of the work performed by Wackenhut. *Wackenhut Corp. v. Perez*, 865 S.W.2d 86, 89 (Tex.App.—Corpus Christi 1993, writ denied). We also determined that there was no evidence that Wackenhut was Coca–Cola's employee; therefore, Wackenhut may only be considered an independent contractor. *Wackenhut*, 865 S.W.2d at 89.

An employer is generally not liable for the acts or omissions of an independent contractor or the independent contractor's servants. *Tanner v. BDK Prod. Co.*, 671 S.W.2d 941, 944 (Tex.App.—Corpus Christi 1984, no writ). One who entrusts work to an independent contractor, but who retains the control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which was caused by his failure to exercise his control with reasonable care. *Redinger v. Living, Inc.*, 689 S.W.2d 415, 418 (Tex.1985); RESTATEMENT (SECOND) OF TORTS § 414 (1977). Because we are presented with only the testimony from the previously tried Perez suit, we again find, after reviewing the summary judgment evidence, that there is no evidence

that Coca–Cola had the right to control the details of the work performed by Wackenhut. *Wackenhut*, 865 S.W.2d at 89. Coca–Cola's evidence showed that its employees, Larry Purcell and Dan Fairley, hired Wackenhut, but maintained no right of control over specific security decisions by Wackenhut. In addition, Captain Henry Morris, a Wackenhut employee, testified that specific decisions as to security maintenance were left entirely to Wackenhut. Coca–Cola, therefore, conclusively established that it did not maintain control over Wackenhut's work.

To raise an issue of fact concerning Coca–Cola's "control," appellant offers the testimony from Captain Morris that he was instructed by an attorney for Coca–Cola to place one guard at the Perez home.

> He stated that, despite this instruction, the decision on the proper number of guards was not 'taken out of [his] hands' by Coca–Cola. Captain Morris testified that he could have suggested additional guards if he thought it was necessary, but he did not do so.
>
> \*     \*     \*     \*     \*     \*
>
> Regarding the decision to use unarmed guards, the testimony was unanimous that the subject of armed, as opposed to unarmed, guards was never even discussed between Wackenhut and Coca–Cola.

*Wackenhut*, 865 S.W.2d at 88–89. Appellant offered no other evidence to raise an issue of fact of Coca–Cola's control. Taking all of appellant's evidence as true, appellant simply shows that Coca–Cola hired Wackenhut to perform a service. The mere act of hiring, however, is no evidence of a right to control. We find that no genuine issue of material fact exists as to Coca–Cola's control over Wackenhut. *See Longoria v. Texaco, Inc.*, 649 S.W.2d 332, 335–36 (Tex.App.—Corpus Christi 1983, no writ) (affidavit by supervisor, an interested party, stating whether his employee was in the course and scope of his employment would support summary judgment in absence of controverting affidavit). Thus, appellant cannot hold Coca–Cola vicariously liable for the acts or omissions of Wackenhut in regard to the security proce-

dures. Coca–Cola is not liable to appellant for Wackenhut's alleged negligence.

Because Coca–Cola has conclusively negated at least one element in each of appellant's causes of action, we find that summary judgment was properly granted in Coca–Cola's favor. Point of error three is overruled.

Judgment of the trial court is AFFIRMED.

GILBERTO HINOJOSA, J., not participating.