

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00845-CV

Eric C. **SANDERS** and Carrie L. Sanders,
Appellants

v.

**AMERICAN HOME MORTGAGE SERVICING, INC.**,
Appellee

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-CI-17353
Honorable Janet P. Littlejohn, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Karen Angelini, Justice
Marialyn Barnard, Justice

Delivered and Filed:  February 25, 2015

AFFIRMED

Appellants Eric C. Sanders and wife, Carrie L. Sanders, brought suit against American Home Mortgage Servicing, Inc. ("American Home"), alleging improper debt collection practices with regard to a residential mortgage. The trial court granted summary judgment in favor of American Home, and on appeal, the Sanderses contend the trial court erred in granting summary judgment in favor of American Home and striking certain summary judgment evidence. We affirm.

**BACKGROUND**

The record shows that in 2005, the Sanderses obtained a residential mortgage loan ("the Loan") from Lifetime Financial Services, LLC d/b/a Town & Country Mortgage Services ("Lifetime") for the purchase of a home in San Antonio, Texas ("the Property"). In connection with the Loan, the Sanderses executed a promissory note ("the Note") payable to Lifetime. They also executed a deed of trust, granting a security interest in the property to secure repayment of the debt evidenced by the Note. The deed of trust required the Sanderses to maintain insurance on the Property sufficient to protect the mortgagee's interest in the Property. If the Sanderses failed to provide such insurance, section 5 of the deed of trust authorized the mortgagee to purchase insurance for the Property. In addition, the deed of trust required the Sanderses to make monthly payments into an escrow account for taxes and insurance premiums in the absence of a written escrow account waiver. The mortgagee was required to use those funds to pay the taxes and either the insurance provided by the Sanderses, or in the event they failed to provide such insurance, for insurance acquired by the mortgagee. If, however, a written escrow account waiver was executed, the Sanderses were required to directly pay for any amounts due for taxes and insurance premiums.

American Home was the servicer of the Loan. According to American Home, the Sanderses started falling behind on their monthly mortgage payments in April of 2007, and by October of 2008, the Sanderses were six months behind. In addition to falling behind on their monthly mortgage payments, the Sanderses neglected to timely provide proof of insurance coverage on several occasions, requiring American Home to obtain insurance coverage and advance the required premiums. The Sanderses also failed to pay the property taxes on the Property from 2005 through 2008. To avoid foreclosure, on October 23, 2008, the Sanderses signed a loan modification agreement ("Loan Modification Agreement"), which specifically stated that it "amends and supplements" the Note and deed of trust. The Loan Modification Agreement

brought the Sanderses current on the Note and capitalized the amounts advanced for the insurance premiums, taxes, and past-due interest. Under the Loan Modification Agreement, the Sanderses agreed the amount due on the Note was $431,232.36, and they promised to repay that amount, plus interest, to American Home. In addition to executing the Loan Modification Agreement, American Home revoked the escrow account waiver.

After entering into the Loan Modification Agreement, the Sanderses remained current on their monthly mortgage payments until November 30, 2009, when their payment was rejected due to insufficient funds in their bank account. This happened again on January 12, 2010, and thereafter, American Home received only two more monthly mortgage payments from the Sanderses. According to American Home, the Sanderses also failed to make escrow payments, which had increased as a result of higher insurance premiums. As a result, American Home has been and is currently advancing funds to pay for the insurance premiums and property taxes on the Property.

On October 26, 2011, the Sanderses filed suit against American Home, alleging breach of contract based on breaches of the terms of the deed of trust, as well as violations of the Texas Debt Collection Act ("TDCA") and the Texas Deceptive Trade Practices Act ("DTPA"). According to the Sanderses, American Home miscalculated the escrow balance for the Loan and misrepresented the amount of the balance on the Loan in the Loan Modification Agreement. American Home moved for summary judgment on both no evidence and traditional grounds. The Sanderses filed a single response entitled "Plaintiff's Response Defendant's Traditional and No Evidence Motion for Summary Judgment." The trial court rendered judgment in favor of American Home, granting both its no evidence and traditional motions for summary judgment. In its judgment, the trial court did not state its basis for granting the motions. This appeal timely followed.

ANALYSIS

On appeal, the Sanderses argue the trial court erred in: (1) granting American Home's no evidence motion for summary judgment because they presented more than a scintilla of evidence as to their claims; (2) granting American Home's traditional motion for summary judgment because they produced evidence sufficient to raise a genuine issues of material fact as to their claims; (3) striking portions of Eric Sanders's affidavit; and (4) striking pleadings filed by the certain Attorneys General in other suits against American Home.  We will address each issue, in order, as necessary.

### *Summary Judgment*

### *Standard of Review*

We review a trial court's decision to grant no evidence and traditional motions for summary judgment de novo.  *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006); *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).  Whether reviewing a traditional or no evidence summary judgment, we consider all the evidence in the light most favorable to the nonmovant and resolve any doubts in the nonmovant's favor.  *See Valence Operating*, 164 S.W.3d at 661; *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004).  When a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001).

Under Rule 166a(i) of the Texas Rules of Civil Procedure, a no evidence summary judgment is essentially a pretrial directed verdict.  TEX. R. CIV. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009); *Tatsch v. Chrysler Grp., LLC and Infinity Cnty. Mut. Ins. Co.*, No. 04-13-00757-CV, 2014 WL 6808637, at *2 (Tex. App.—San Antonio Dec. 3, 2014, no pet. h.) (mem. op.).  After an adequate time for discovery passes, a party without the burden of

proof at trial may move for summary judgment on the ground that there is no evidence to support one or more essential elements of the nonmovant's claim. *See* TEX. R. CIV. P. 166a(i); *Tatsch*, 2014 WL 6808637, at *7; *All Am. Tel., Inc. v. USLD Commc'ns*, 291 S.W.3d 518, 526 (Tex. App.—Fort Worth 2009, pet. denied). The moving party must specifically state the elements for which no evidence exists. TEX. R. CIV. P. 166a(i); *Timpte Indus.*, 286 S.W.3d at 210; *Tatsch*, 2014 WL 6808637, at *7. To raise a fact issue on the challenged elements, the nonmovant must produce more than a scintilla of evidence on the challenged elements. *DTND Sierra Invs., LLC v. Deutsch Bank Nat'l Trust Co.*, No. 04-12-00817-CV, 2013 WL 4483436, at *2 (Tex. App.—San Antonio Aug. 21, 2013, pet. denied) (mem. op.); *Martinez v. Leeds*, 218 S.W.3d 845, 848 (Tex. App.—El Paso 2007, pet. denied). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). The trial court must grant the no evidence motion if the nonmovant fails to bring forth more than a scintilla of summary judgment evidence to raise a genuine issue of material fact as to the challenged elements. TEX. R. CIV. P. 166a(i); *DTND Sierra Invs.*, 2013 WL 4483436, at *2; *Tatsch*, 2014 WL 6808637, at *2.

Under Rule 166a(c) of the Texas Rules of Civil Procedure, a trial court properly grants a traditional motion for summary judgment when the movant establishes no genuine issue of material fact exists. TEX. R. CIV. P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003); *Rentfro v. Cavazos IV*, No. 04-10-00617-CV, 2012 WL 566364, at *7 (Tex. App—San Antonio Feb. 15, 2012, pet. denied) (mem. op.). A movant meets this burden by either conclusively negating a single essential element of the plaintiff's cause of action or establishing an affirmative defense. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508–09 (Tex. 2010); *Rentfro*, 2012 WL 566364, at *7.

When a party moves for summary judgment on both no evidence and traditional grounds, as American Home did here, we first address the no evidence motion. *See Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013); *Ford Motor Co. v. Ridgeway*, 135 S.W.3d 598, 600 (Tex. 2004); *Tatsch*, 2014 WL 6808637, at \*6. We address the no evidence motion first because if the nonmovant fails to bring forth more than a scintilla of summary judgment evidence to meet its burden as to the no evidence motion, then there is no need to analyze whether the movant satisfied its burden as to the traditional motion. *See Merriman*, 407 S.W.3d at 248. Accordingly, we will review American Home's no evidence motion first.

*American Home's No Evidence Motion for Summary Judgment*

In their first issue on appeal, the Sanderses contend the trial court erred by granting American Home's no evidence motion for summary judgment because they presented more than a scintilla of evidence to support each element of their claims for breach of contract and violations of the TDCA and the DTPA. In response, American Home argues its no evidence motion established there was no evidence: (1) to support any of the elements required for a breach of contract claim based on the deed of trust; (2) to show it violated the TDCA; or (3) to show the Sanderses were consumers under the DTPA.

### A. *Breach of Contract*

The Sanderses brought a breach of contract claim against American Home, alleging American Home breached sections 3 and 5 of the deed of trust when it miscalculated the escrow balance for the Loan and misrepresented the amount of the Loan balance. To establish a breach of contract claim, a plaintiff must prove: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach by the defendant; and (4) damages to the plaintiff as a result of the breach. *MG Bldg. Materials, Ltd. v. Moses Lopez Custom Homes, Inc.*, 179 S.W.3d 51, 61 (Tex. App.—San Antonio 2005, pet. denied).

In its no evidence summary judgment motion, American Home listed each breach of contract element, stating there was no evidence as to each element. *See* TEX. R. CIV. P. 166a(i) (stating no evidence motion must specifically state elements for which there is no evidence); *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 207 (Tex. 2002) (same). In their response, the Sanderses set forth an amalgam of complaints against American Home as well as excerpts from complaints filed in other jurisdictions against American Home, but wholly failed to address or provide evidence for any of the challenged elements of the breach of contract claim. With regard to an actual argument, the response discusses only the Sanderses' alleged consumer status under the DTPA. Although in their conclusion, the Sanderses state they produced evidence as to their breach of contract claim, we find no mention of breach of contract in the response, and no evidence as to any breach of contract element.

When examining the evidence attached to the response, the Sanderses have presented no evidence that would permit reasonable and fair minded people to find that a valid contract exists between American Home and the Sanderses. *See Merrell*, 953 S.W.2d at 711. Only parties to a contract are bound by the contract. *Sitaram v. Aetna U.S. Healthcare of North Texas, Inc.*, 152 S.W.3d 817 (Tex. App—Texarkana 2004, no pet.). The Sanderses bear the burden of producing evidence to show American Home was a party bound by a valid contract. The Sanderses do not point to any evidence to show American Home was a party to the deed of trust, the document the Sanderses alleged was breached; rather, they identify American Home as only the loan servicer of Lifetime, the actual party to the deed of trust. *See Steele v. Green Tree Servicing, LLC*, No. 3:09-CV-603-D, 2010 WL 3565415, at *4 (N.D. Tex. Sept. 7, 2010) (mem. op.) (holding that plaintiffs did not meet summary judgment burden as to breach of contract claim when they failed to produce evidence that loan servicer was party to deed of trust or note); *cf. Henning v. OneWest Bank FSB*, 405 S.W.3d 950, 969 (Tex. App.—Dallas 2013, no pet.) (holding that non-movant did not meet

summary judgment burden when all of elements of breach of contract were challenged by movant and non-movant failed to produce any evidence of damages).  Because the Sanderses did not produce any evidence to show American Home is a party to the deed of trust, they failed to meet their burden to bring forth more than a scintilla of summary judgment evidence as the first element of the breach of contract claim.  Accordingly, the trial court properly granted summary judgment in favor of American Home as to the Sanderses' breach of contract claim.

### B.  *TDCA*

In their amended petition, the Sanderses allege American Home violated the TDCA.  The TDCA provides remedies for wrongful debt collection practices arising out of a debtor-creditor relationship.  *Ford v. City State Bank of Palacios*, 44 S.W.3d 121, 135 (Tex. App.—Corpus Christi 2001, no pet.).  The TDCA lists six types of prohibited debt collection methods.  *See* TEX. FIN. CODE §§ 392.301-392.306 (West 2006).  However, in their amended petition, the Sanderses did not identify which specific prohibited debt collection method allegedly committed by American Home.  They simply stated American Home violated the TDCA by failing to properly credit payments made, forcing them to pay for insurance premiums as a result of insurance purchased by American Home when they already had insurance in place, and demanding payment for property taxes for taxes that were not due.

In its no evidence summary judgment motion, American Home asserts there is no evidence it committed any of the acts the Sanderses allege were violations of the TDCA.  In their response, the Sanderses merely assert they timely made mortgage payments and maintained insurance on the property, but were required to pay higher escrow payments as a result of insurance premiums from insurance purchased by American Home.  They make no mention of a miscalculation of escrow payments based on property taxes and put forth no evidence showing property taxes were timely

paid and not due. Their response does, however, specify American Home's actions violated section 392.304(a)(8) of the TDCA.

> Section 392.304(a)(8) of the TDCA states:
>
> Except as otherwise provided by this section, in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices:
>
> (8) misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding.

TEX. FIN. CODE § 392.304(a) (West 2006). Nevertheless, there is no evidence attached to the response to support their conclusory assertions that American Home failed to properly credit payments made, that amounts due were miscalculated based on taxes due, or that American Home forced them to pay for insurance premiums American Home unnecessarily purchased. The Sanderses do not attach any evidence to show how payments they made were not accounted for or any evidence to show they had insurance in place that American Home should have considered before purchasing other insurance. Instead, the Sanderses point to payment records, which show they started to fall behind on their regular monthly payments in April 2007. The payment records also show American Home purchased insurance on November 16, 2006, and then fully refunded the Sanderses on January 16, 2007 for it, presumably because the Sanderses provided proof of insurance for that time period. The payment records also show that American Home purchased insurance again on June 6, 2007, but the Sanderses do not attach any evidence to show they had insurance in place at that time and therefore American Home unnecessarily purchased that insurance. Nor do they provide any evidence regarding tax payments — what was due or not due.

In their summary judgment response, the Sanderses rely on mere allegations without clearly identifying how such allegations constitute a prohibited debt collection method under the TDCA. Moreover, as to the allegations asserted, they produced no evidence that American Home

engaged in any of the acts complained of. Therefore, we hold the trial court properly granted American Home's no evidence summary judgment motion as to the Sanderses' TDCA claim because they failed to present even a scintilla of evidence of an unfair debt collection practice as defined in the TDCA.

### C. *DTPA*

Lastly, the Sanderses allege they are entitled to recovery under the DTPA's "tie-in" statute for violations of the TDCA. *See* TEX. BUS. & COM. CODE ANN. § 17.50(h) (West 2011); TEX. FIN. CODE § 392.404(a) ("violation of this chapter is a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code"). In its no evidence summary judgment motion, American Home argues the Sanderses have no evidence of a violation of the DTPA because they have no evidence of a violation of the TDCA. American Home also points out the Sanderses are not consumers under the DTPA and therefore cannot recover on their DTPA claim.

As stated above, the Sanderses' summary judgment response asserts their alleged consumer status under the DTPA. However, we need not determine whether the Sanderses presented evidence of their status as consumers under the DTPA. Because the Sanderses' DTPA claim is based solely on their TDCA claim and we have determined the trial court properly granted American Home's no evidence summary judgment motion as to the Sanderses' TDCA claim, it follows that the trial court properly granted summary judgment as to the Sanderses' DTPA claim. *See Richardson v. SV Almeda I Ltd. Partnership*, No. 01-11-01004-CV, 2013 WL 4680392, at \*16 (Tex. App.—Houston [1st Dist.] Aug. 29, 2013, no pet.) (mem. op) (holding that trial court did not err in granting summary judgment as to DTPA claims that were based solely on violations of Texas Debt Collection Practices Act when trial court properly granted summary judgment as to Texas Debt Collection Practice Act claims.).

*American Home's Traditional Motion for Summary Judgment*

In their second appellate issue, the Sanderses argue the trial court erred in granting American Home's traditional motion for summary judgment. As mentioned above, American Home filed a traditional motion for summary judgment based on the same grounds as its no evidence motion. Having determined the trial court properly granted the no evidence motion because the Sanderses failed to produce even a scintilla of evidence in support of the challenged claims, we need not determine whether American Home established its right to judgment as a matter of law. *See Merriman*, 407 S.W.3d at 248; *Salazar v. Ramos*, 361 S.W.3d 739, 745 (Tex. App.—El Paso 2012, pet. denied) (holding that when non-movant fails to produce more than scintilla of evidence in response to no evidence motion for summary judgment, appellate court is not required to analyze whether movant established right to summary judgment as matter of law in traditional motion for summary judgment). If a non-movant fails to produce legally sufficient evidence to meet his burden as to a no evidence motion for summary judgment, there is no need to analyze whether the movant satisfied its burden under the traditional motion. *See Merriman*, 407 S.W.3d at 248; *Salazar*, 361 S.W.3d at 745. Accordingly, we need not address the Sanderses' second issue.

### Summary Judgment Evidence

*Affidavit of Eric Sanders*

In their third issue, the Sanderses argue the trial court erred in striking portions of Eric Sanders's affidavit testimony from the summary judgment evidence. In the portion of the affidavit the Sanderses complain was improperly struck, Eric Sanders describes how American Home's actions caused him mental anguish, and he avers American Home knew about the mold contamination in the house.

The statements the Sanderses claim were improperly struck go to the issue of damages. As set forth in our analysis, the Sanderses failed to provide even a scintilla of evidence as to at least one of the essential elements of breach of contract, i.e., that American Home was a party to a contract, and failed to produce any evidence to establish American Home violated the TDCA, and by extension, the DTPA. As to damages, given we have determined the Sanderses failed to produce a scintilla of evidence in response to American Home's no evidence motion with regard to liability, whether the trial court improperly struck evidence as to damages is irrelevant to the disposition of this appeal. Moreover, American Home's alleged knowledge of any mold damage is not an element of any claim asserted by the Sanderses, except as to damages under the DTPA. *See* TEX. BUS. & COM. CODE ANN. § 17.50(b)(1) (West 2011) (stating that additional damages are available for knowing violation of DTPA). Thus, the portions of the affidavits the Sanderses complain were improperly struck are irrelevant given our disposition. *See Hess v. McLean Feedyard, Inc.*, 59 S.W.3d 679, 688 (Tex. App.—Amarillo 2000, pet. denied) (declining to address trial court's decision to strike summary judgment affidavits because affidavits were not probative of causation issue). Because the portions of the affidavit struck by the trial court, and complained of on appeal, are irrelevant to our disposition, we need not address the trial court's decision to strike them. *See id.*

### *Attorney General Pleadings*

Finally, the Sanderses argue the trial court erred in striking pleadings from other lawsuits which they had produced as summary judgment evidence of a common plan, scheme, system and design. The Sanderses contend such error was harmful.

As summary judgment evidence, the Sanderses attached pleadings from other lawsuits initiated against American Home by the Texas Attorney General and the Ohio Attorney General. The Sanderses contend the pleadings show American Home's actions with regard to their loan

constituted a common plan, scheme, system, and design. American Home moved to strike the evidence, and the trial court granted American Home's motion.

Generally, pleadings do not constitute summary judgment evidence. *See Commercial Structures and Interiors, Inc.*, 192 S.W.3d 827, 835 (Tex. App.—Fort Worth 2006, no pet.) (citing *Quanaim v. Frasco Rest. & Catering*, 17 S.W.3d 30, 42 (Tex. App.—Houston [14th Dist.] 2000, pet denied)). However, appellate courts, including this court, have recognized that court records, including pleadings, from other cases may be proper summary judgment evidence. *See, e.g., Austin Bldg. Co. v. Nat'l Union Fire Ins. Co.*, 432 S.W.2d 697, 698–99 (Tex. 1968); *Soefje v. Jones*, 270 S.W.3d 617, 626 (Tex. App.—San Antonio 2008, no pet.); *Murillo v. Valley Coca-Cola Bottling Co.*, 895 S.W.2d 758, 761 (Tex. App.—Corpus Christi 1995, no writ); *Kazmir v. Suburban Homes Realty*, 824 S.W.2d 239, 244 (Tex. App.—Texarkana 1992, writ denied). However, pleadings from other proceedings must be in proper form to be considered summary judgment evidence. *Soefje*, 270 S.W.3d at 626; *Souder v. Cannon*, 235 S.W.3d 841, 848 (Tex. App.—Fort Worth 2007, no pet.). A party cannot simply attach a court document from another case as summary judgment proof. *See Soefje*, 270 S.W.3d at 626 (emphasizing that one cannot dispense with proper foundational requirements). Rather, the evidence must be submitted in a form acceptable for summary judgment proceedings; in other words, the summary judgment evidence must be either sworn to or certified. *Soefje*, 270 S.W.3d at 626; *Souder*, 235 S.W.3d at 848; *Mowbray v. Avery*, 76 S.W.3d 663, 689 (Tex. App.—Corpus Christi 2002, pet. denied).

After reviewing the appellate record, we find that neither of the petitions that the Sanderses attached to their summary judgment response were certified, nor were they verified in any way. Therefore, we hold the trial court did not err in striking the summary judgment evidence, and the

Sanderses' final issue is overruled[1]. *Compare Souder*, 235 S.W.3d at 858 (holding that trial court erred in considering petitions from other lawsuits because petitions were not certified) *with Soefje*, 270 S.W.3d at 626 (holding that trial court did not err in judicially noticing certified pleadings from other suit).

## CONCLUSION

Based on the foregoing, we affirm the trial court's granting of American Home's no evidence summary judgment as to the Sanderses' breach of contract, TDCA and DTPA claims. Having found that the trial court properly granted the no evidence summary judgment, it is unnecessary to address the propriety of Sanderses' argument regarding whether the trial court erred in granting American Home's traditional motion for summary judgment or whether the trial court erred in striking Eric Sanders's affidavit. Finally, we hold the trial court did not err in striking the pleadings from other suits against American Home because the pleadings were neither verified nor certified.

Marialyn Barnard, Justice

---

[1] Even if the documents were certified or verified, the trial court's decision to strike them would not entitle the Sanderses to relief because the documents, like Eric Sanders's affidavit, are irrelevant given our disposition.