

# IN THE
# TENTH COURT OF APPEALS

## No. 10-14-00143-CV

**SERGIO FELIX RODRIGUEZ,**

                                                            **Appellant**

 **v.**

**KRISTOPHER L. KARSTENS,**

                                                            **Appellee**

From the 272nd District Court
Brazos County, Texas
Trial Court No. 13-002182-CV-272-A

## MEMORANDUM  OPINION

In this appeal, appellant, Sergio Felix Rodriguez, appears to complain about a summary judgment granted in favor of appellee, Kristopher L. Karstens.  Because we conclude that Rodriguez did not proffer more than a scintilla of probative evidence creating a material fact issue as to the duty element of his negligence causes of action, we cannot say that he trial court erred in granting Karstens's no-evidence motion for summary judgment.  We affirm.

# I.    BACKGROUND

Here, Rodriguez filed suit alleging negligence and gross negligence claims against Karstens and other defendants for injuries Rodriguez sustained at a home-construction site on or about July 1, 2013. Among Rodriguez's allegations was an assertion that he was Karstens's employee. In response to Rodriguez's suit, Karstens filed an original answer generally denying the allegations contained in Rodriguez's lawsuit and specifically denying Rodriguez's assertion that he worked for or was employed by Karstens. Later, Karstens filed a no-evidence motion for summary judgment, contending that Rodriguez could not prove his negligence claim because, among other things, there is no evidence that Karstens was Rodriguez's employer or that Karstens owed Rodriguez a legal duty.

Thereafter, Rodriguez filed a response to Karstens's no-evidence motion for summary judgment, arguing that Karstens's motion was conclusory because the,

> motion completely fails to identify the real issues which control whether a duty exists . . . . It does not identify the applicable elements in this circumstance. It does not identify the evidence, which has been developed so far. It does not explain why the evidence developed so far fails to create a fact issue, or is otherwise non probative.

Rodriguez also asserted that a material fact issue existed with respect to his negligence claims against Karstens. In support of this contention, Rodriguez attached a transcript from his deposition, as well as an affidavit and report produced by professional engineering consultant Jason T. English, M.S., CSP, P.E.

Karstens then filed objections to Rodriguez's summary-judgment evidence and a motion to strike. In this filing, Karstens contended that Rodriguez's summary-judgment

evidence was not competent because English failed to show that "he is qualified by education, training and experience to testify with regard to a construction incident such as the one before this Court," and because English's report was conclusory and improperly opined on the issue of duty—a question of law for the trial court. Karstens also objected to Rodriguez's reliance on his own deposition testimony because the testimony "contains inadmissible hearsay, legal and factual conclusions, speculative statements, and inadmissible opinion testimony," especially with respect to whether Rodriguez was Karstens's employee.

The trial court ultimately granted Karstens's objections and motion to strike. And after a hearing, the trial court granted Karstens's no-evidence motion for summary judgment and severed this action from Rodriguez's remaining claims.[1] In its order granting summary judgment, the trial court did not specify the grounds on which the motion was granted. This appeal followed.

---

[1] In addition to re-urging the arguments contained in his no-evidence motion for summary judgment, at the hearing, Karstens also asserted that Rodriguez's response to his summary-judgment motion was not timely served. *See* TEX. R. CIV. P. 166a(c) ("Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response."). In response to Karstens's untimeliness argument, Rodriguez made "an oral motion for leave to allow my response to be timely filed if in the alternative." The trial court took the oral motion under advisement but never ruled. In any event, the record demonstrates that Rodriguez did not timely file his summary-judgment response and evidence in this case. *See id.*; *see also id.* at R. 21a(b)(2) ("Service completed after 5:00 p.m. local time of the recipient shall be deemed served on the following day."). More specifically, the trial court conducted a hearing on Karstens's summary-judgment motion on April 30, 2014; however, Karstens was not served with Rodriguez's summary-judgment evidence until 5:43 p.m. on April 23, 2014. Under Texas Rule of Civil Procedure 21a(b)(2), Rodriguez's response and evidence was deemed filed on April 24, 2014, which was less than seven days before the April 30, 2014 hearing. *See id.*; *see also id.* at R. 166a(c).

## II.    NO-EVIDENCE MOTIONS FOR SUMMARY JUDGMENT

The function of a summary judgment is to eliminate patently unmeritorious claims and untenable defenses, not to deprive litigants of the right to a trial by jury. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). We review the grant or denial of a summary judgment de novo. *See Tex. Mun. Power Agency v Pub. Util. Comm'n of Tex.*, 253 S.W.3d 184, 192, 199 (Tex. 2007); *see also Provident Life & Accident Ins. Co.*, 128 S.W.3d 211, 215 (Tex. 2003). If the trial court's order granting summary judgment does not specify the ground or grounds relied upon for the ruling, we will affirm the judgment on appeal if any of the theories advanced by the movant are meritorious. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001).

Here, Karstens filed a no-evidence motion for summary judgment. We review a no-evidence motion for summary judgment under the same legal-sufficiency standard used to review a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003). After an adequate time for discovery has passed, a party without the burden of proof at trial may move for a summary judgment on the ground that the nonmoving party lacks supporting evidence for one or more essential elements of its claim. *See* TEX. R. CIV. P. 166a(i); *Espalin v. Children's Med. Ctr. of Dallas*, 27 S.W.3d 675, 682-83 (Tex. App.—Dallas 2000, no pet.). Once a no-evidence motion for summary judgment has been filed, the burden shifts to the nonmoving party to present evidence raising an issue of material fact as to the elements challenged in the motion. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581-82 (Tex. 2006). The trial court should not grant a no-evidence motion for

summary judgment if the nonmovant brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact on the challenged element. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009). More than a scintilla of evidence exists if the evidence would enable reasonable and fair-minded jurors to differ in their conclusions. *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (per curiam); *Macias v. Fiesta Mart, Inc.*, 988 S.W.2d 316, 317 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (noting that when evidence offered to prove a vital fact is "so weak as to do no more than create a mere surmise or suspicion," the evidence is no more than a scintilla and, in legal effect, is no evidence (citing *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983))) We review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Tamez*, 206 S.W.3d at 581-82; *see King Ranch, Inc.*, 118 S.W.3d at 750.

### III. RODRIGUEZ'S SUMMARY-JUDGMENT EVIDENCE

At the outset, we note that Rodriguez's first amended brief contains several deficiencies. First, in his statement of facts, Rodriguez states facts with argument and citations to case law, even though Texas Rule of Appellate Procedure 38.1(g) prohibits argument in the statement of facts. *See* TEX. R. APP. P. 38.1(g) ("The brief must state concisely and without argument the facts pertinent to the issues or points presented."). Additionally, in the issues-presented section of his brief, Rodriguez includes twenty-five questions that are not specifically classified as issues, nor are they clearly and concisely organized in the argument section of the brief. *See id.* at R. 38.1(f) ("The brief must state

concisely all issues or points presented for review. The statement of an issue or point will be treated as covering every subsidiary question that is fairly included."), 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). To facilitate our analysis of this case, we implement Texas Rule of Appellate Procedure 2 to suspend the aforementioned briefing requirements. *See id.* at R. 2. And given that we are to construe Rodriguez's brief liberally, we re-categorize Rodriguez's numerous questions as a challenge to the trial court's granting of Karstens's no-evidence motion for summary judgment. *See id.* at R. 38.9.

In this case, Rodriguez alleged negligence and gross negligence causes of actions against Karstens. To prevail on a negligence cause of action, Rodriguez was required to establish the existence of a duty, a breach of that duty, and damages proximately caused by the breach. *See Western Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005) (citing *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995)). As with negligence actions, a defendant may be liable for gross negligence only to the extent that he owed the plaintiff a legal duty. *See City of Waco v. Kirwan*, 298 S.W.3d 618, 623 (Tex. 2009) (citing *Gen. Elec. Co. v. Moritz*, 257 S.W.3d 211, 217 (Tex. 2008); *State v. Shumake*, 199 S.W.3d 279, 287-88 (Tex. 2006)); *RT Realty, L.P. v. Tex. Utils. Elec. Co.*, 181 S.W.3d 905, 914 (Tex. App.—Dallas 2006, no pet.) ("The threshold inquiry regarding a gross negligence claim is whether a legal duty existed."). "Whether a duty exists is a threshold inquiry and a question of law; liability cannot be imposed if no duty exists." *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006) (citing *Van Horn v. Chambers*, 970 S.W.2d 542, 544 (Tex. 1998)).

Moreover, it is well-established that a contractor owes no duty to the employees of a subcontractor unless the contractor retains or exercises control over the details of the subcontractor's work. *See Redinger v. Living, Inc.*, 689 S.W.2d 415, 418 (Tex. 1985); *see also Norton v. Key Energy Servs.*, No. 10-06-00130-CV, 2008 Tex. App. LEXIS 4706, at *5 (Tex. App.—Waco June 25, 2008, no pet.) (mem. op.).

Therefore, Rodriguez had to present evidence that created a material fact issue as to whether Karstens owed him a legal duty. This would be accomplished by showing that Karstens retained or exercised control over the details of his work. In doing so, Rodriguez relied on his own deposition testimony, which included the following:

- Though he admitted that he had never spoken to Karstens, especially considering that Rodriguez only spoke Spanish and Karstens could not speak Spanish, Rodriguez stated that he believed Karstens was his employer because that was what was said by Calisto Ortiz, a subcontractor on the job.

- Rodriguez admitted that Ortiz gave him direction and guidance on his job, including what time to show up, what days to show up, when he could take a lunch, what tools were needed for the day, and what instructions were needed for the day. However, Rodriguez believed that Ortiz's instructions came from Karstens.

- Rodriguez spoke with Ortiz about whether he was qualified to do the job.

- Rodriguez alleged that Karstens "provided the bigger tools like compressors and nail guns"; however, Rodriguez did not have personal knowledge as to who owned the tools that were provided to him. Instead, Rodriguez relied on his personal intuition and "assumption" that Karstens owned the tools.

- Rodriguez acknowledged that he provided his own tool belt, his own tape measure, his own framing hammer, his own chalk line, his own level, and his own screwdrivers and pliers for the job.

We recognize that the trial court struck portions of Rodriguez's testimony. However, assuming that the evidence was before the trial court, we note that other than

his own speculation and assumptions, nothing in Rodriguez's deposition testimony created a material fact issue as to whether Karstens was his employer—a key fact considering that Karstens's no-evidence motion for summary judgment focused on the duty element in this case. Rodriguez's suppositions that Karstens was his employer constitute speculation that cannot defeat summary judgment, especially given that Rodriguez did not establish that he has personal knowledge of this fact. *Pink v. Goodyear Tire & Rubber Co.*, 324 S.W.3d 290, 297 (Tex. App.—Beaumont 2010, no pet.) ("A party may not avoid a no-evidence summary judgment by presenting speculation. A speculative opinion in an affidavit is insufficient to raise a material issue of fact in a summary judgment proceeding." (citing *Hodgkins v. Bryan*, 99 S.W.3d 669, 674-75 (Tex. App.—Houston [14th Dist.] 2003, no pet.); *Hess v. McLean Feedyard, Inc.*, 59 S.W.3d 679 686 (Tex. App.—Amarillo 2000, pet. denied))).

Moreover, we note that hearsay is a "statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." TEX. R. EVID. 801(d). A trial court may not consider inadmissible hearsay evidence over a party's objection in ruling on a motion for summary judgment. *Dolcefino v. Randolph*, 19 S.W.3d 906, 927 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (op. on reh'g). An affidavit that contains hearsay is objectionable and does not raise a fact issue to defeat a motion for summary judgment. *See Querner Truck Lines, Inc. v. Alta Verde Indus., Inc.*, 747 S.W.2d 464, 468 (Tex. App.—San Antonio 1988, no writ) ("The hearsay and conclusions are incompetent as summary judgment proof."). We believe that Rodriguez's testimony that Ortiz told him that Karstens was his employer is clearly

hearsay given that it touched on the truth of the matter asserted—whether Karstens was his employer and, thus, owed him a duty. Accordingly, Rodriguez could not rely on this hearsay to create a fact issue as to the challenged element. *See id.*

And finally, in his brief, Rodriguez highlights his testimony that Karstens once handed him a check for his work. Rodriguez does not point us to summary-judgment evidence clearly indicating that Karstens personally paid him for his work on a regular basis. Furthermore, we do not believe that this act somehow established that Karstens exercised control over the details of Rodriguez's work and thereby created a material fact issue as to duty. *See Redinger*, 689 S.W.2d at 418; *Manning v. Beaumont, S.L. & W.R. Co.*, 107 Tex. 546, 562-63, 181 S.W. 687 (1916) (stating that, although the independent contractor paid the salaries of the injured train crew, such circumstance was not conclusive on the issue of whether the independent contractor was liable for the injuries sustained); *Edmundson v. Coca-Cola Co.*, 150 S.W. 273, 273-75 (Tex. Civ. App.—San Antonio 1912, no writ) (concluding that an individual was an independent contractor, even though the "employer" paid the individual's telephone and stamp bills); *see also Norton*, 2008 Tex. App. LEXIS 4706, at *5. Rather, this evidence does no more than create a mere surmise or suspicion. *See Kindred*, 650 S.W.2d at 63; *see also Macias*, 988 S.W.2d at 317.

In addition to his own deposition testimony, Rodriguez also relied on the report of English. In his report, English gave his opinions on "causation and responsibility." English acknowledged that Rodriguez's status as an employee was beyond the scope of his report; however, English's opinions were predicated on Rodriguez's unsupported

assumption that he was Karstens's employee. After citing various employer/employee regulations, English opined on the "responsibility" for Rodriguez's safety. Nevertheless, nowhere in his report does English reference evidence demonstrating that Rodriguez was Karstens's employee or that Karstens owed a legal duty to Rodriguez. Rather, English relied on Rodriguez's assumption that he was Karstens's employee—an assumption that we have previously concluded cannot defeat Karstens's no-evidence motion for summary judgment. Accordingly, even if the trial court considered English's report, we cannot say that the report creates a material fact issue as to whether Karstens owed Rodriguez a legal duty.

In a no-evidence, summary-judgment case, the nonmovant, here Rodriguez, "must produce summary judgment evidence raising a genuine issue of material fact to defeat the summary judgment under [section 166a(i)]." *Ford Motor Co. v. Ridgeway*, 135 S.W.3d 598, 600 (Tex. 2004) (citing TEX. R. CIV. P. 166a(i)). "A genuine issue of material fact exists if more than a scintilla of evidence establishing the existence of the challenged element is produced." *Id.* (citing *Morgan v. Anthony*, 27 S.W.3d 928, 929 (Tex. 2000)). Furthermore, because the trial court did not specify the ground or grounds on which it relied in granting summary judgment in favor of Karstens, we will affirm the judgment on appeal if any of the theories advanced by the movant are meritorious. *See Dow Chem. Co.*, 46 S.W.3d at 242. Based on the foregoing, we conclude that Rodriguez has failed to produce more than a scintilla of probative evidence creating a material fact issue as to the duty element of his negligence claims against Karstens. *See Ridgeway*, 135 S.W.3d at 600. As such, we cannot say that the trial court erred in granting Karstens's no-evidence

motion for summary judgment. *See id.*; *see also King Ranch, Inc.*, 118 S.W.3d at 750-51. We

overrule all of Rodriguez's "issues" on appeal.

## IV.   CONCLUSION

Because we overrule Rodriguez's "issues" on appeal, we affirm the judgment of

the trial court. Absent a specific exemption, the Clerk of the Court must collect filing fees

at the time a document is presented for filing. *Id.* at R. 12.1(b); Appendix to Tex. R. App.

P., Order Regarding Fees (Amended Aug. 28, 2007, eff. Sept. 1, 2007); *see* TEX. R. APP. P. 5;

10TH TEX. APP. (WACO) LOC. R. 5; TEX. GOV'T CODE ANN. §§ 51.207(b), 51,208, 51.941(a)

(West 2013). Under these circumstances, we suspend the rule and order the Clerk to write

off all unpaid filing fees in this case.[2] TEX. R. APP. P. 2. The write-off of the fees from the

accounts receivable of the Court in no way eliminates or reduces the fees owed.


AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
*(Chief Justice Gray concurring with a note)
Affirmed
Opinion delivered and filed November 12, 2015
[CV06]

*(Chief Justice Gray concurs. A separate opinion will not issue.)

---

[2] Our records reflect that Rodriguez has not paid the fee associated with the filing of his August 11, 2014 request for the record.

